**No. 2154**

**Second Circuit**

———

**DILLARD v. HART**

———

(April 8, 1927.  Opinion and Decree.)

———

*(Syllabus by the Court)*

1. **Louisiana Digest—Injunction—Par. 2, 13, 19, 22.**
The injunction must be granted, and directed against the defendant, himself, in the following cases:

\*    \*    \*    \*

When the defendant disturbs the plaintiff in the actual and real possession which such plaintiff has had for more than one year, either of a real estate or of a real right, of which he claims either the ownership, the possession or the enjoyment.
Code of Practice, Article 298, Sec. 5.

2. **Louisiana Digest—Possession—Par. 1, 7.**
Public order and the highest interest of society demand that no violence shall be done to one in peaceable possession of property.
Nicol vs. Ill. Cent. R. R. Co., 44 La. Ann. 816, 11 South. 34.

Appeal from the Twelfth Judicial District Court of Louisiana, Parish of De Soto. Hon. J. H. Boone, Judge.

Action by Kitty Dillard, et al., against W. H. Hart.

There was judgment for plaintiffs and defendant appealed.

Judgment affirmed.

Parsons & Colvin, of Mansfield, attorneys for plaintiffs, appellees.

W. M. Pollock, of Mansfield, attorney for defendant, appellant.

## STATEMENT OF THE CASE

REYNOLDS, J. This is a suit by Mrs. Kitty Dillard in her own right and as natural tutrix of her minor child, Elzie Dillard, issue of her marriage with Jules Dillard, deceased, against W. H. Hart to restrain him from interfering with her possession, individually and as such tutrix, of the NE¼ of Section 16, Township 14 North, Range 12 West, De Soto Parish, Louisiana, or the crops growing thereon, alleging that she had been in actual physical possession of the land for more than twenty years and that W. H. Hart had within the twelve months prior to the filing of the suit without right, title or interest with force and violence entered on the land and interfered with her possession thereof and prevented her from gathering the crops growing thereon.

A temporary restraining order was granted.

Defendant moved to dissolve the injunction on the ground that he had been in actual physical possession of the land for a year and a day prior to the filing of the suit, and on the further ground that plaintiff had not shown legal right to the use, occupation or enjoyment of the land. This motion was referred to the merits.

Whereupon defendant answered, alleging that plaintiff had been out of possession of the land for a year and a day prior to the filing of the suit; that the land was the property of the State of Louisiana and was vacant; that on or about September 15, 1922, the land was vacant and he took possession thereof and had been in actual peaceable possession of it ever since, and that plaintiff is seeking by means of a writ of injunction to gain possession of property in his peaceable possession.

He prayed that there be judgment dissolving the injunction and dismissing plaintiff's suit, and for $50.00 damages for attorney's fees, and $100.00 statutory damages.

On the application of the plaintiff a rule was issued on defendant on September 29, 1923, to show cause on October 8, 1923, why he should not be punished as for a contempt of court in having violated the temporary restraining order.

The rule to show cause and motion to dissolve were heard along with the merits and judgment was rendered in favor of the plaintiff perpetually enjoining defendant from interfering with plaintiff's possession and enjoyment of the land described in the petition and recalling the rule to show cause why he should not be punished as for contempt of court.

Defendant appealed.

## OPINION

The evidence shows that plaintiff was and had been in actual and peaceable possession of the land described in the petition for about twenty years and that in the fall of 1923 defendant disturbed that possession.

The plaintiff, Kitty Dillard, testified, page 4:

"Q. Did he ever make any excuse to you why he did not pay you for the house?

"A. He said Mr. Owens put him in the house and I would have to get the rent out of Mr. Owens.

"Q. Did Mr. Hart give you any disturbance this year about gathering your crop made by the tenant Benjamin?

"A. Yes, ·sir; Mr. Hart got his gun and said he was going to have his fourth or die and go to hell. That he had the law in his hands, and that was his gun, and he would die and go to hell before anybody would get any cotton before he got his fourth."

This was a wrongful and violent interference by defendant with plaintiff's possession. The law jealously protects the possessor of immovable property against unlawful disturbance of that possession. Public order and the highest interest of society demand that no violence shall be done to one in peaceable possession of property. Even as against the lawful owner, the possessor of immovable property must be protected against the unlawful disturbance of his possession, where the lawful owner has been out of possession for a year.

Nicol vs. Ill. Cent. R. R. Co., 44 Ann. 816, 11 South. 34.

Defendant was without the slightest color of title to the property and his only claim to the right of possession was that of a tenant. His acts of ownership were without the ·slightest legal justification, and the issuance of the preliminary injunction and the judgment perpetuating it were correct.

Plaintiff prayed for damages against defendant but the District Court did not allow any. She did not appeal from that part of the judgment nor has she answered the appeal. This court is, therefore, without authority to amend the judgment in this respect.

For the reasons assigned it is therefore ordered, adjudged and decreed that the judgment appealed from be affirmed.